UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN FRESHWATER,

      Plaintiff,                           Case No. 2:11-cv-190
                                                 JUDGE GREGORY L. FROST
      v.                                      Magistrate Judge Norah McCann King

MOUNT VERNON CITY SCHOOL
DISTRICT BOARD OF EDUCATION,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Mount Vernon City School Board of Education's Brief Explaining Why This Case Should Not Be Remanded (ECF No. 13) and the Response by John Freshwater to Order of March 10, 2011 (ECF No. 14).  For the reasons that follow, the Court **REMANDS** this case to the Common Pleas Court of Knox County, Ohio.

### I.  Background

On March 1, 2011, Defendant removed this action to this Court from the Common Pleas Court of Knox County, Ohio.  In the Complaint, Plaintiff alleges that he filed this action "pursuant to Ohio Revised Code [§] 3319.16, as a public school teacher affected by an order of termination of contract, to appeal to the court of common pleas of the county in which the school is located . . . ."  (ECF No. 4 ¶ 1.)  In its Notice of Removal, however, Defendant asserts that "[t]his case is subject to removal under 28 U.S.C. § 1441(a) and (b), because the district court has original jurisdiction over this action based on federal question jurisdiction under 28 U.S.C. §1331."  (ECF No. 1 ¶ 5.)  Defendant contends that the complaint sets forth claims for violations of Plaintiff's federal constitutional rights and that these constitutional claims were previously

1

alleged in an action before this Court and were dismissed with prejudice. *Id.* ¶¶ 1, 4. Defendant claims that Plaintiff's appeal of his termination is properly before this Court pursuant to 28 U.S.C. § 1367. *Id.* ¶ 6.

This Court questioned whether it has subject matter jurisdiction over this action based upon § 3319.16 of the Ohio Revised Code and, if it did possess jurisdiction, whether it is proper or permissible to exercise it in view of the abstention doctrine. Therefore, the Court ordered Defendant to brief the issue.

## II. Discussion

Defendant argues that this Court has original jurisdiction over Plaintiff's federal question claims and that the Court may properly exercise its supplemental jurisdiction over Plaintiff's appeal of his termination. The Court, however, is not convinced that it possesses jurisdiction over this action, which is properly viewed as an appeal by an Ohio teacher of his termination. Section 3319.16 of the Ohio Revised Code grants jurisdiction of this type of appeal only to a specific state court:

> Any teacher affected by an order of termination of contract may appeal to the court of common pleas of the county in which the school is located within thirty days after receipt of notice of the entry of such order. The appeal shall be an original action in the court and shall be commenced by the filing of a complaint against the board . . . .

Ohio Rev. Code § 3319.16.

That being said, even if this action is properly viewed as one alleging violations of federal constitutional rights, this Court is prohibited from exercising jurisdiction over this action based upon the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). While abstention from jurisdiction is the exception, not the rule, there nevertheless are limited "classes

of cases in which a federal court should decline to exercise that jurisdiction." *Sun Refining & Marketing Co.,* 921 F.2d 635, 638-39 (6th Cir. 1990). "Among the classes of cases in which abstention is required is that represented by *Younger v. Harris* . . . and its progeny." *Id.* at 639. "[U]nlike other forms of abstention, when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant" relief. *Id.* (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n. 22 (1976)).

"The *Younger* doctrine, in its original form, maintained that federal court abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* "At the heart of the *Younger* doctrine are notions of comity and deference to state courts necessitated by our federal system." *Id.* The United States Supreme Court "has also made clear that the policies underlying the *Younger* doctrine are fully applicable to state noncriminal judicial proceedings where important state interests are involved." *Id.* (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). "Three requirements have evolved for proper invocation of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Id.* (citing *Middlesex County Ethics Comm'n*, 457 U.S. at 432). The Court finds that each requirement for invocation of the doctrine exists here.

First, this action was an on-going state judicial proceeding prior to removal to this Court. Plaintiff filed this action in the proper state court as required by § 3319.16 of the Ohio Revised Code. Next, those proceedings certainly implicate important state interests, *i.e.*, the individuals

who are permitted, or not permitted, to teach Ohio's children and the employment of Ohio citizens.  *In re T.R.*, 52 Ohio St. 3d 6, 18 (Ohio 1990) ("the state also has a compelling interest in the protection of children"); *State ex rel. Nagle v. Olin*, 64 Ohio St. 2d 341, 353 (Ohio 1980) ("Both [the Ohio Supreme Court] and the United States Supreme Court have recognized the importance to the state of assuring that children receive quality educations, enabling them to intelligently undertake the obligations of citizenship.") (citing *Brown v.. Board of Education*, 347 U.S. 483, 493 (1954) ("Today, education is perhaps the most important function of state and local governments.").  Finally, the state court is quite competent to hear Freshwater's complaints of constitutional violations.  *See Twp. of Jefferson v. City of W. Carrollton*, 517 F. Supp. 417, 421 (D. Ohio 1981) ("It is axiomatic that a state court is competent to decide questions arising under the Federal Constitution.").  This includes the *res judicata* arguments Defendant makes with regard to some of the constitutional claims that allegedly occurred before Plaintiff was terminated.

Because all of the requirements necessary for invocation of the *Younger* abstention doctrine are present here, this case is not properly before this Court.

### III.  Conclusion

Based on the foregoing, the Court **REMANDS** this case to the Common Pleas Court of Knox County, Ohio.

**IT IS SO ORDERED.**

    **/s/ Gregory L. Frost**
    **GREGORY L. FROST**
    **UNITED STATES DISTRICT JUDGE**